**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAHEEMA HOWARD, Individually and** | : | |
| **As Administratrix of the ESTATE OF** | : | **CIVIL ACTION** |
| **RICKY HOWARD, DECEASED,** | : | |
| | : | |
| **Plaintiff,** | : | |
| vs. | : | |
| | : | |
| **POLICE OFFICE SHAMAYA ALLEN-** | : | **No. 10-CV-3184 (JS)** |
| **BULLOCK and CITY OF PHILADELPHIA,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER *IN LIMINE*

**AND NOW**, this \_\_\_\_ day of _____, 2011, upon consideration of the Defendants' Motion *In Limine* Precluding Plaintiff from Introducing the 2003 Integrity & Accountability Officer's Report on Police Discipline and the 2005 Integrity & Accountability Officer's Report on Officer-Involved Shootings, and any response thereto, it is hereby **ORDERED** the 2003 and 2005 IAO Reports are precluded.

BY THE COURT:

Juan R. Sánchez, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAHEEMA HOWARD**, Individually and As Administratrix of the **ESTATE OF RICKY HOWARD, DECEASED**, | : : : : | **CIVIL ACTION** |
| Plaintiff, | : : | |
| vs. | : : | |
| **POLICE OFFICE SHAMAYA ALLEN-BULLOCK** and **CITY OF PHILADELPHIA**, | : : : | No. 10-CV-3184 (JS) |
| Defendants. | : : | |

**DEFENDANTS' MOTION IN LIMINE PRECLUDING PLAINTIFF
FROM INTRODUCING INTO EVIDENCE
THE 2003 AND 2005 INTEGRITY & ACCOUNTABILITY OFFICER'S REPORTS**

      Defendants, City of Philadelphia and Police Officer Shamaya Allen-Bullock (now Police Officer Shamaya Allen), by and through the undersigned attorney, move this Honorable Court to issue an appropriate order *in limine* regarding Plaintiff's introduction of the 2003 and 2005 Integrity & Accountability Officer's Reports on police discipline and officer-involved shootings, respectively.

                                                               Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Matthew K. Hubbard |
| Dated: March 12, 2011 | MATTHEW KEVIN HUBBARD |
|  | Divisional Deputy City Solicitor |
|  | City of Philadelphia, Law Department |
|  | 1515 Arch Street, 14th Floor |
|  | Philadelphia, Pennsylvania 19102 |
|  | (215) 683-5439 (tel) |
|  | (215) 683-5397 (fax) |
|  | matthew.hubbard@phila.gov |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAHEEMA HOWARD, Individually and As Administratrix of the ESTATE OF RICKY HOWARD, DECEASED, | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| POLICE OFFICE SHAMAYA ALLEN-BULLOCK and CITY OF PHILADELPHIA, | : : : | No. 10-CV-3184 (JS) |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE PRECLUDING PLAINTIFF FROM INTRODUCING THE 2003 AND 2005 INTEGRITY & ACCOUNTABILITY OFFICER'S REPORTS**

**I. INTRODUCTION**

This case centers on two discrete, narrow issues: (1) Whether the amount of force used by Officer Allen on March 26, 2008, was unreasonable in violation of Ricky Howard's Fourth Amendment right to be free from excessive force; and (2) Whether Officer Allen's use of allegedly excessive force on March 26, 2008, was directly caused by an allegedly unconstitutional policy, custom or practice of the City of Philadelphia.

In determining these issues, the jury must first decide whether or not Officer Allen violated Ricky Howard's Fourth Amendment right to be free from excessive force. See Monell v. Dept. of Social Svcs., 436 U.S. 658 (1978) (must first determine if there is an underlying constitutional violation); and see, Mark v. Borough of Hatboro, 51 F.3d 1137, 1149-50 (3d Cir. 1995) (unless Plaintiff establishes a constitutional injury, it is irrelevant for purposes of § 1983 liability whether the city's policies caused an injury), cert. denied, 516 U.S. 858 (1995). That is,

the jury must judge the reasonableness of Officer Allen's use of deadly force on March 26, 2008, from an on-scene perspective, not in hindsight. Graham v. Connor, 490 U.S. 386, 396 (1989).[1] The jury should consider the facts and circumstances known to and confronted by Officer Allen on March 26, 2008, including the severity of the crime at issue, whether Ricky Howard posed an immediate threat to the safety of Officer Allen or others, and the possibility that Ricky Howard was armed. Id. Moreover, § 508 of the Pennsylvania Crimes Code, which is included in the use of force training of all Philadelphia Police Department recruits and sworn officers, provides, in pertinent part:

> § 508. Use of force in law enforcement
>
> (a) PEACE OFFICER'S USE OF FORCE IN MAKING ARREST.--
>
> (1) A peace officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest. However, he is justified in using deadly force only when he believes that such force is necessary to prevent death or serious bodily injury to himself or such other person, or when he believes both that:
>
> (i) such force is necessary to prevent the arrest from being defeated by resistance or escape; and
>
> (ii) the person to be arrested has committed or attempted a forcible felony or is attempting to escape and possesses a deadly weapon, or otherwise indicates that he will endanger human life or inflict serious bodily injury unless arrested without delay.

18 PA. CONS. STAT. § 508.

---

[1] The defendants contend that because the facts in this case differ significantly from the facts in Tennessee v. Garner, 471 U.S. 1 (1985), the appropriate instruction for this case is the Third Circuit's Model Jury Instruction 4.9, not 4.9.1. See THIRD CIRCUIT MODEL JURY INSTRUCTIONS, 4.9 Section 1983-Excessive Force (Including Some Types of Deadly Force)-Stop, Arrest, or other "Seizure," comment at 118 (3d Cir. 2010).

## II. ARGUMENT

**A. Plaintiff should be precluded from introducing the 2003 and 2005 Integrity & Accountability Officer's Reports on police discipline and officer-involved shootings, respectively, because they are not relevant; they contain inadmissible hearsay; they contain opinions or inferences that have no rational basis in fact; and the probative value, if any, of these reports is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.**

In her Pretrial Memorandum filed March 11, 2011, Plaintiff indicates that she intends to introduce into the "2003 IAO Report – Police Discipline" and "2005 IAO Report-Police-Involved Shootings" at the trial, yet she does not list as a witness the author of these reports, Ellen Green-Ceisler. (See Doc. #26 at 6-9.)

Federal Rule of Evidence 401 provides:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FED. R. EVID. 401. Evidence that is not relevant is inadmissible. FED. R. EVID. 402. The 2003 and 2005 IAO Reports are not relevant because Officer Allen has no disciplinary history, nor had she discharged her firearm while on duty prior to this incident. Therefore, such evidence is not relevant.

Moreover, these Reports contain inadmissible hearsay. Plaintiff has not listed the author of these reports as a witness, therefore, she cannot use these reports to prove her case against the City.[2] FED. R. EVID. 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.") These Reports do not meet any exception to the hearsay rule.

---

[2] Defendants' incorporate herein by reference their arguments in their motion for summary judgment and motion *in limine* regarding Dr. McCauley's opinions, which are pending before the Court.

Furthermore, the probative value of these Reports, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. These Reports did not put the Police Commissioner on notice that the Police Department's allegedly deficient disciplinary system created an obvious risk that police officers would use deadly force in violation of citizens' constitutionally protected rights. Nor did these Reports put the Commissioner on notice that the Department's allegedly deficient training on the use of deadly force created an obvious risk that police officers would use deadly force in the violation of citizens' constitutional rights. This is particularly so in the context of this case, where there is no evidence that Officer Allen has ever been disciplined or that she had been the subject of an investigation for a police discharge prior to March 26, 2008. Therefore, allowing these Reports into evidence will unfairly prejudice Defendants, confuse the issues or mislead the jury. Moreover, the opinions or inferences drawn in these reports have no rational basis in fact. See FED. R. EVID. 701.

### III. CONCLUSION

The Defendants respectfully request the Court to issue an appropriate Order *in limine* upon the Plaintiff.

Respectfully submitted,

Dated: March 12, 2011

/s/ Matthew K. Hubbard
MATTHEW KEVIN HUBBARD
Divisional Deputy City Solicitor
City of Philadelphia, Law Department
1515 Arch Street, 14th Floor
Philadelphia, Pennsylvania 19102
(215) 683-5439 (tel)
(215) 683-5397 (fax)
matthew.hubbard@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAHEEMA HOWARD, Individually and** : | | |
| **As Administratrix of the ESTATE OF** : | | **CIVIL ACTION** |
| **RICKY HOWARD, DECEASED,** : | | |
| : | | |
| **Plaintiff,** : | | |
| vs. : | | |
| : | | |
| **POLICE OFFICE SHAMAYA ALLEN-** : | | **No. 10-CV-3184 (JS)** |
| **BULLOCK and CITY OF PHILADELPHIA,** : | | |
| : | | |
| **Defendants.** : | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused the foregoing Motion *In Limine*, supporting memorandum of law and proposed Order *In Limine* to be filed with the Court's ECF system and made available for viewing and downloading to the following individual electronically:

>John Rightmyer, Esquire
>PATRICK G. GECKLE, LLC
>1845 Walnut Street, Suite 2300
>Philadelphia, PA  19103
>*Attorney for Plaintiff*

>/s/ Matthew K. Hubbard
>MATTHEW KEVIN HUBBARD
>Divisional Deputy City Solicitor
>1515 Arch Street, 14th Floor
>Philadelphia, PA  19102-1595

Dated:  March 12, 2011